1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com
9
10 MICHAEL C. ZELLERS (SBN: 146904)
   TUCKER ELLIS & WEST LLP
11 515 South Flower Street, Suite 4200
   Los Angeles, CA 90071-2223
12 Telephone:  (213) 430-3400
   Facsimile:  (213) 430-3409
13 michael.zellers@tuckerellis.com

14 Attorneys for Defendant
   PFIZER INC.

15                 UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17                  SAN FRANCISCO DIVISION

| 18 | IN RE CELEBREX AND BEXTRA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL Docket No. 1699 |
|---|---|---|---|
| 19 | | | CASE NO. 3:08-cv-01457-CRB |
| 20 | *This document relates to* | ) ) | |
| 21 | IONA CHARLENE WYRICK, | ) ) | **PFIZER INC'S ANSWER TO COMPLAINT** |
| 22 | Plaintiff, | ) ) | **JURY DEMAND ENDORSED HEREIN** |
| 23 | vs. | ) ) | |
| 24 | PFIZER, INC., | ) ) | |
| 25 | Defendant. | ) ) | |
| 26 | | ) | |

27

28

<div style="writing-mode: vertical">Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111</div>

1    NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), ("Defendant"), and files this Answer to Plaintiff's Complaint

3    ("Complaint"), and would respectfully show the Court as follows:

4    I.

5    **PRELIMINARY STATEMENT**

6    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

7    Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

8    Defendant may seek leave to amend this Answer when discovery reveals the specific time

9    periods in which Plaintiff was prescribed and used Bextra®.

10    II.

11    **ANSWER**

12    **Response to Allegations Regarding Parties**

13    1.    Defendant admits that Plaintiff brought this civil action seeking monetary damages, but

14    denies that Plaintiff is entitled to any relief or damages.  Defendant admits that, during certain

15    periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

16    to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

17    accordance with their approval by the FDA.  Defendant admits that, during certain periods of

18    time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

19    co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

20    providers who are by law authorized to prescribe drugs in accordance with their approval by the

21    FDA.  Defendant states that Bextra® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.  Defendant states that the potential effects of

23    Bextra® were and are adequately described in its FDA-approved prescribing information,

24    which was at all times adequate and comported with applicable standards of care and law.

25    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage,

26    and denies the remaining allegations in this paragraph of the Complaint.

27    2.    Defendant is without knowledge or information sufficient to form a belief as to the truth

28    of the allegations regarding Plaintiff's age and citizenship, and, therefore, denies the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendant is without knowledge or information sufficient to form a belief as to the truth of the

2  allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and,

3  therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the

4  Complaint.

5  3.    Defendant admits that Pfizer is a Delaware corporation with its principal place of

6  business in New York.  Defendant admits that Pharmacia acquired Searle in 2000 and that, as

7  the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

8  Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

9  Bextra® in the United States, including California, to be prescribed by healthcare providers

10  who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

11  Defendant states that Plaintiff's allegations regarding "predecessors in interest" are vague and

12  ambiguous.  Defendant is without knowledge or information to form a belief as to the truth of

13  such allegations, and, therefore, denies the same.  Defendant denies the remaining allegations in

14  this paragraph of the Complaint.

15  <u>**Response to Allegations Regarding Jurisdiction and Venue**</u>

16  4.    Defendant is without knowledge or information to form a belief as to the truth of the

17  allegations in this paragraph of the Complaint regarding the amount in controversy, and,

18  therefore, denies that the same.  However, Defendant admits that Plaintiff claims that the

19  amount in controversy exceeds $75,000, exclusive of interests and costs.

20  5.    Defendant is without knowledge or information sufficient to form a belief as to the truth

21  of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the

22  amount in controversy, and, therefore, denies the same.  However, Defendant admits that

23  Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000,

24  exclusive of interests and costs.

25  6.    Defendant is without knowledge or information sufficient to form a belief as to the truth

26  of the allegations in this paragraph of the Complaint regarding the judicial district in which the

27  asserted claims allegedly arose, and, therefore, denies the same.  Defendant denies committing

28  a tort in the State of Missouri or the State of California and denies the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   this paragraph of the Complaint.

2   7.     Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

3   Bextra® in the United States, including California and Louisiana, to be prescribed by healthcare

4   providers who are by law authorized to prescribe drugs in accordance with their approval by the

5   FDA.   Defendant admit that, during certain periods of time, Bextra® was manufactured and

6   packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra®

7   in the United States to be prescribed by healthcare providers who are by law authorized to

8   prescribe drugs in accordance with their approval by the FDA.   Defendant admits that they

9   provided FDA-approved prescribing information regarding Bextra®.   Defendant admits that

10  they do business in the State of California.   Defendant states that Plaintiff's allegations

11  regarding "predecessors in interest" are vague and ambiguous.   Defendant is without

12  knowledge or information to form a belief as to the truth of such allegations, and, therefore,

13  denies the same.  Defendant denies any wrongful conduct and denies the remaining allegations

14  in this paragraph of the Complaint.

15  **Response to Allegations Regarding Interdistrict Assignment**

16  8.     Defendant states that this paragraph of the Complaint contains legal contentions to

17  which no response is required.   To the extent that a response is deemed required, Defendant

18  admits that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

19  and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

20  Panel on Multidistrict Litigation on September 6, 2005.

21  **Response to Factual Allegations**

22  9.     Defendant is without knowledge or information sufficient to form a belief as to the truth

23  of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra®

24  and, therefore, denies the same.   Defendant denies any wrongful conduct, denies that Bextra®

25  caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the

26  Complaint.

27  10.    Defendant admits that Bextra® was expected to reach consumers without substantial

28  change from the time of sale.   Defendant is without knowledge or information sufficient to form

1   a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and,

2   therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the

3   Complaint.

4   11.    Defendant states that Bextra® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendant states that the potential effects of

6   Bextra® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendant is without knowledge or information sufficient to form a belief as to the truth of the

9   allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same.

10  Defendant denies the remaining allegations in this paragraph of the Complaint.

11  12.    Defendant admits that Bextra® is in a class of drugs that is, at times, referred to as non-

12  steroidal anti-inflammatory drugs ("NSAIDS").  Defendant states that Bextra® was and is safe

13  and effective when used in accordance with its FDA-approved prescribing information.

14  Defendant states that the potential effects of Bextra® were and are adequately described in its

15  FDA-approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.  Defendant denies the remaining allegations in this

17  paragraph of the Complaint.

18  13.    The allegations in this paragraph of the Complaint are not directed toward Defendant

19  and, therefore, no response is required.  To the extent a response is deemed required, Defendant

20  states that Plaintiff fails to provide the proper context for the allegations in this paragraph of the

21  Complaint.  Defendant therefore lacks sufficient information or knowledge to form a belief as

22  to the truth of such allegations and, therefore, denies the same.

23  14.    The allegations in this paragraph of the Complaint are not directed toward Defendant

24  and, therefore, no response is required.  To the extent a response is deemed required, Defendant

25  states that Plaintiff fails to provide the proper context for the allegations in this paragraph of the

26  Complaint.  Defendant therefore lacks sufficient information or knowledge to form a belief as

27  to the truth of such allegations and, therefore, denies the same.

28  15.    The allegations in this paragraph of the Complaint are not directed toward Defendant

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

and, therefore, no response is required.  To the extent a response is deemed required, Defendant states that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendant therefore lacks sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, denies the same.

16.    The allegations in this paragraph of the Complaint are not directed toward Defendant and, therefore, no response is required.  To the extent a response is deemed required, Defendant states that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendant therefore lacks sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, denies the same.

17.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, denies the same.

18.    Defendant states that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendant is without knowledge or information to form a belief as to the truth of such allegations, and, therefore, denies the same.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

19.    Plaintiff does not allege having used Celebrex® in this Complaint.  Nevertheless, Defendant admits that Celebrex® was launched in the United States in February 1999. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendant and, therefore, no response is required.  To the extent a response is deemed required,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendant states that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendant therefore lacks sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, denies the same. Defendant denies the remaining allegations in this paragraph of the Complaint.

20.    Defendant admits that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001. Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant states that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendant is without knowledge or information to form a belief as to the truth of such allegations, and, therefore, denies the same. Defendant denies the remaining allegations in this paragraph of the Complaint.

21.    Defendant admits that Bextra® was approved by the FDA on November 16, 2001. Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant denies the remaining allegations in this paragraph of the Complaint.

22.    Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant denies the remaining allegations in this paragraph of the Complaint.

23.    Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    adequate and comported with applicable standards of care and law.  Defendant denies the

2    remaining allegations in this paragraph of the Complaint.

3    24.    Defendant states that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendant states that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information,

6    which at all times was adequate and comported with applicable standards of care and law.

7    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

8    Bextra® in the United States to be prescribed by healthcare providers who are by law

9    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits

10   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

11   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

12   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

13   with their approval by the FDA.  Defendant states that Plaintiff's allegations regarding

14   "predecessors in interest" are vague and ambiguous.  Defendant is without knowledge or

15   information to form a belief as to the truth of such allegations, and, therefore, denies the same.

16   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

17   of the Complaint.

18   25.    Defendant states that Bextra® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendant states that the potential effects of

20   Bextra® were and are adequately described in its FDA-approved prescribing information,

21   which at all times was adequate and comported with applicable standards of care and law.

22   Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

23   Bextra® in the United States to be prescribed by healthcare providers who are by law

24   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits

25   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

26   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

27   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

28   with their approval by the FDA.  Defendant denies any wrongful conduct and denies the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    remaining allegations in this paragraph of the Complaint.

2    26.    Defendant states that the referenced article speaks for itself and respectfully refers the

3    Court to the article for its actual language and text.  Any attempt to characterize the article is

4    denied.  Defendant states that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendant denies the remaining allegations in

6    this paragraph of the Complaint.

7    27.    The allegations in this paragraph of the Complaint are not directed towards Defendant

8    and, therefore, no response is necessary.  Should a response be deemed necessary, Defendant

9    states that the referenced article speaks for itself and respectfully refers the Court to the article

10   for its actual language and text.  Any attempt to characterize the article is denied.  Defendant

11   denies the remaining allegations in this paragraph of the Complaint.

12   28.    Defendant admits that the New Drug Application for Bextra® was filed with the FDA

13   on January 15, 2001.  Defendant admits that Bextra® was approved by the FDA on November

14   16, 2001.  Defendant denies any wrongful conduct and the remaining allegations in this

15   paragraph of the Complaint.

16   29.    Defendant states that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendant states that the potential effects of

18   Bextra® were and are adequately described in its FDA-approved prescribing information,

19   which at all times was adequate and comported with applicable standards of care and law.

20   Defendant denies the allegations in this paragraph of the Complaint.

21   30.    Defendant states that the referenced FDA Talk Paper for Bextra® speaks for itself and

22   respectfully refers the Court to the Talk Paper for its actual language and text.  Any attempt to

23   characterize the Talk Paper is denied.  Defendant denies the remaining allegations in this

24   paragraph of the Complaint.

25   31.    Defendant states that the referenced article speaks for itself and respectfully refers the

26   Court to the article for its actual language and text.  Any attempt to characterize the article is

27   denied.  Defendant denies the remaining allegations in this paragraph of the Complaint.

28   32.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    approval meta-analysis study" in this paragraph of the Complaint.  Defendant is without

2    sufficient information to confirm or denies such allegations and, therefore, denies the same.

3    Defendant states that the referenced study speaks for itself and respectfully refers the Court to

4    the study for its actual language and text.  Any attempt to characterize the study is denied.

5    Defendant denies the remaining allegations in this paragraph of the Complaint.

6    33.    The allegations in this paragraph of the Complaint are not directed towards Defendant

7    and, therefore, no response is necessary.  Should a response be deemed necessary, Defendant

8    states that the referenced article speaks for itself and respectfully refers the Court to the article

9    for its actual language and text.  Any attempt to characterize the article is denied.  Defendant

10   denies the remaining allegations in this paragraph of the Complaint.

11   34.    The allegations in this paragraph of the Complaint are not directed towards Defendant

12   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendant

13   admits that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

14   Management Advisory Committee was held on February 16-18, 2005.  Defendant states that the

15   referenced testimony speaks for itself and respectfully refers the Court to the testimony for its

16   actual language and text.  Any attempt to characterize the testimony is denied.  Defendant

17   denies the remaining allegations in this paragraph of the Complaint.

18   35.    Defendant states that Bextra® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendant denies any wrongful conduct and

20   denies the remaining allegations in this paragraph of the Complaint.

21   36.    Defendant states that the referenced Alert for Healthcare Professionals speaks for itself

22   and respectfully refers the Court to the Alert for Healthcare Professionals for its actual language

23   and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

24   Defendant denies the remaining allegations in this paragraph of the Complaint.

25   37.    Defendant states that the referenced Alert for Healthcare Professionals speaks for itself

26   and respectfully refers the Court to the Alert for Healthcare Professionals for its actual language

27   and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

28   Defendant denies the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    38.    Defendant states that Bextra® was and is safe and effective when used in accordance
2    with its FDA-approved prescribing information.    Defendant denies the allegations in this
3    paragraph of the Complaint.

4    39.    Defendant states that the referenced article speaks for itself and respectfully refers the
5    Court to the article for its actual language and text.    Any attempt to characterize the article is
6    denied.    Defendant denies any wrongful conduct and denies the remaining allegations in this
7    paragraph of the Complaint.

8    40.    The allegations in this paragraph of the Complaint are not directed towards Defendant
9    and, therefore, no response is necessary.    Should a response be deemed necessary, Defendant
10    states that the referenced article speaks for itself and respectfully refers the Court to the article
11    for its actual language and text.    Any attempt to characterize the article is denied.    Defendant
12    denies the remaining allegations in this paragraph of the Complaint.

13    41.    Defendant states that Bextra® was and is safe and effective when used in accordance
14    with its FDA-approved prescribing information.    Defendant states that the potential effects of
15    Bextra® were and are adequately described in its FDA-approved prescribing information,
16    which was at all times adequate and comported with applicable standards of care and law.
17    Defendant denies the allegations in this paragraph of the Complaint.

18    42.    Defendant states that Bextra® was and is safe and effective when used in accordance
19    with its FDA-approved prescribing information.    Defendant states that the potential effects of
20    Bextra® were and are adequately described in its FDA-approved prescribing information,
21    which was at all times adequate and comported with applicable standards of care and law.
22    Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the
23    remaining allegations in this paragraph of the Complaint.

24    43.    Defendant states that Bextra® was and is safe and effective when used in accordance
25    with its FDA-approved prescribing information.    Defendant states that the potential effects of
26    Bextra® were and are adequately described in its FDA-approved prescribing information,
27    which was at all times adequate and comported with applicable standards of care and law.
28    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    of the Complaint.

2    44.    Defendant denies the allegations in this paragraph of the Complaint.

3    45.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

4    Bextra® in the United States to be prescribed by healthcare providers who are by law

5    authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits

6    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

7    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

8    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

9    with their approval by the FDA. Defendant states that Bextra® was and is safe and effective

10   when used in accordance with its FDA-approved prescribing information. Defendant states that

11   the potential effects of Bextra® were and are adequately described in its FDA-approved

12   prescribing information, which was at all times adequate and comported with applicable

13   standards of care and law. Defendant is without knowledge or information sufficient to form a

14   belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore,

15   denies the same. Defendant denies any wrongful conduct and denies the allegations in this

16   paragraph of the Complaint.

17   46.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

18   Bextra® in the United States to be prescribed by healthcare providers who are by law

19   authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits

20   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

21   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

22   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

23   with their approval by the FDA. Defendant states that Bextra® was and is safe and effective

24   when used in accordance with its FDA-approved prescribing information. Defendant states that

25   the potential effects of Bextra® were and are adequately described in its FDA-approved

26   prescribing information, which was at all times adequate and comported with applicable

27   standards of care and law. Defendant denies the remaining allegations in this paragraph of the

28   Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

47.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant denies the remaining allegations in this paragraph of the Complaint.

48.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant states that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendant is without knowledge or information to form a belief as to the truth of such allegations, and, therefore, denies the same.  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the allegations in this paragraph of the Complaint.

49.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

with their approval by the FDA.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

50.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies the remaining allegations in this paragraph of the Complaint.

51.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

52.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

53.     Defendant denies the allegations in this paragraph of the Complaint.

54.     Defendant admits that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.  Defendant denies any wrongful conduct and denies the remaining allegations contained in this paragraph of the Complaint.

55.     Defendant states that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    with its FDA-approved prescribing information.  Defendant states that the potential effects of

2    Bextra® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

5    remaining allegations in this paragraph of the Complaint.

6    56.    Defendant states that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendant states that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

11   of the Complaint.

12   57.    Defendant denies any wrongful conduct and denies the remaining allegations in this

13   paragraph of the Complaint.

14   58.    Defendant states that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendant states that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

19   Bextra® in the United States to be prescribed by healthcare providers who are by law

20   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

21   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

22   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

23   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

24   with their approval by the FDA.  Defendant denies any wrongful conduct and denies the

25   remaining allegations in this paragraph of the Complaint.

26   59.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

27   Bextra® in the United States to be prescribed by healthcare providers who are by law

28   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits

1   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which
2   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be
3   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance
4   with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph
5   of the Complaint.

6   60.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted
7   Bextra® in the United States to be prescribed by healthcare providers who are by law
8   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits
9   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which
10  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be
11  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance
12  with their approval by the FDA.  Defendant admits, as indicated in the package insert approved
13  by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of
14  osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary
15  dysmenorrhea.  Defendant denies any wrongful conduct and denies the remaining allegations in
16  this paragraph of the Complaint.

17  61.    Defendant states that Bextra® was and is safe and effective when used in accordance
18  with its FDA-approved prescribing information.  Defendant states that the potential effects of
19  Bextra® were and are adequately described in its FDA-approved prescribing information,
20  which was at all times adequate and comported with applicable standards of care and law.
21  Defendant is without knowledge or information sufficient to form a belief as to the truth of the
22  allegations regarding and whether Plaintiff used Bextra® and, therefore, denies the same.
23  Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra®
24  caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the
25  Complaint.

26  62.    Defendant states that Bextra® was and is safe and effective when used in accordance
27  with its FDA-approved prescribing information.  Defendant states that the potential effects of
28  Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendant is without knowledge or information sufficient to form a belief as to the truth of the

3   allegations regarding and whether Plaintiff used Bextra® and, therefore, denies the same.

4   Defendant states that Plaintiff's allegations regarding "predecessors in interest" are vague and

5   ambiguous.  Defendant is without knowledge or information to form a belief as to the truth of

6   such allegations, and, therefore, denies the same.  Defendant denies any wrongful conduct,

7   denies that Bextra® is defective, denies that Bextra® caused Plaintiff injury or damage, and

8   denies the remaining allegations in this paragraph of the Complaint.

9   **Response to First Cause of Action: Negligence**

10  63.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

11  Complaint as if fully set forth herein.

12  64.    Defendant states that this paragraph of the Complaint contains legal contentions to

13  which no response is required.  To the extent a response is deemed required, Defendant admits

14  that it had duties as are imposed by law but denies having breached such duties.  Defendant

15  states that the potential effects of Bextra® were and are adequately described in its FDA-

16  approved prescribing information, which was at all times adequate and comported with

17  applicable standards of care and law.  Defendant states that Bextra® was and is safe and

18  effective when used in accordance with its FDA-approved prescribing information.  Defendant

19  denies the remaining allegations in this paragraph of the Complaint.

20  65.    Defendant states that this paragraph of the Complaint contains legal contentions to

21  which no response is required.  To the extent a response is deemed required, Defendant admits

22  that it had duties as are imposed by law but denies having breached such duties.  Defendant

23  states that Bextra® was and is safe and effective when used in accordance with its FDA-

24  approved prescribing information.  Defendant denies the remaining allegations in this paragraph

25  of the Complaint.

26  66.    Defendant states that this paragraph of the Complaint contains legal contentions to

27  which no response is required.  To the extent that a response is deemed required, Defendant

28  admits that it had duties as are imposed by law but denies having breached such duties.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendant states that Bextra® was and is safe and effective when used in accordance with its

2   FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

3   were and are adequately described in its FDA-approved prescribing information, which was at

4   all times adequate and comported with applicable standards of care and law.  Defendant denies

5   any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint,

6   including all subparts.

7   67.    Defendant states that Bextra® was and is safe and effective when used in accordance

8   with its FDA-approved prescribing information.  Defendant states that the potential effects of

9   Bextra® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendant is without knowledge or information sufficient to form a belief as to the truth of the

12  allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same.

13  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

14  of the Complaint.

15  68.    Defendant states that Bextra® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendant states that the potential effects of

17  Bextra® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

20  of the Complaint.

21  69.    Defendant states that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendant denies any wrongful conduct,

23  denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in

24  this paragraph of the Complaint.

25  70.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

26  damage, and denies the remaining allegations in this paragraph of the Complaint.

27  71.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

28  damage, and denies the remaining allegations in this paragraph of the Complaint.

72.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Second Cause of Action: Strict Liability

73.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

74.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same. Defendant admits that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.    Defendant admits that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendant admits that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendant denies the remaining allegations in this paragraph of the Complaint.

75.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies the allegations in this paragraph of the Complaint.

76.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendant denies that Bextra® is defective or unreasonably dangerous, and denies the

3    remaining allegations in this paragraph of the Complaint.

4    77.    Defendant states that this paragraph of the Complaint contains legal contentions to

5    which no response is required.  To the extent a response is deemed required, Defendant states

6    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

7    prescribing information.  Defendant states that the potential effects of Bextra® were and are

8    adequately described in its FDA-approved prescribing information, which was at all times

9    adequate and comported with applicable standards of care and law.  Defendant denies that

10   Bextra® is unreasonably dangerous, and denies the remaining allegations in this paragraph of

11   the Complaint, including all subparts.

12   78.    Defendant states that this paragraph of the Complaint contains legal contentions to

13   which no response is deemed required.  To the extent a response is deemed required, Defendant

14   states that Bextra® was and is safe and effective when used in accordance with its FDA-

15   approved prescribing information.  Defendant states that the potential effects of Bextra® were

16   and are adequately described in its FDA-approved prescribing information, which was at all

17   times adequate and comported with applicable standards of care and law.  Defendant denies any

18   wrongful conduct, denies that Bextra® is unreasonably dangerous, and denies the remaining

19   allegations in this paragraph of the Complaint.

20   79.    Defendant states that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendant states that the potential effects of

22   Bextra® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra®

25   caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the

26   Complaint.

27   80.    Defendant states that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendant states that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

81.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

82.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies the remaining allegations in this paragraph of the Complaint.

83.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra®

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    were and are adequately described in its FDA-approved prescribing information, which was at

2    all times adequate and comported with applicable standards of care and law.  Defendant denies

3    the remaining allegations in this paragraph of the Complaint.

4    84.    Defendant states that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendant denies any wrongful conduct and

6    denies the remaining allegations in this paragraph of the Complaint.

7    85.    Defendant is without knowledge or information sufficient to form a belief as to the truth

8    of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same.

9    Defendant states that Bextra® was and is safe and effective when used in accordance with its

10   FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

11   were and are adequately described in its FDA-approved prescribing information, which was at

12   all times adequate and comported with applicable standards of care and law.  Defendant denies

13   that Bextra® is defective and denies the remaining allegations in this paragraph of the

14   Complaint.

15   86.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

16   damage, and denies the remaining allegations in this paragraph of the Complaint.

17   87.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

18   damage, and denies the remaining allegations in this paragraph of the Complaint.

19   88.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

20   damage, and denies the remaining allegations in this paragraph of the Complaint.

21   **Response to Third Cause of Action: Breach of Express Warranty**

22   89.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

23   Complaint as if fully set forth herein.

24   90.    Defendant is without knowledge or information sufficient to form a belief as to the truth

25   of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same.

26   Defendant states that Bextra® was and is safe and effective when used in accordance with its

27   FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

28   were and are adequately described in its FDA-approved prescribing information, which was at

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-22-

1   all times adequate and comported with applicable standards of care and law. Defendant admits

2   that it provided FDA-approved prescribing information regarding Bextra®. Defendant denies

3   the remaining allegations in this paragraph of the Complaint.

4   91.    Defendant is without knowledge or information sufficient to form a belief as to the truth

5   of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same.

6   Defendant states that Bextra® was and is safe and effective when used in accordance with its

7   FDA-approved prescribing information. Defendant states that the potential effects of Bextra®

8   were and are adequately described in its FDA-approved prescribing information, which was at

9   all times adequate and comported with applicable standards of care and law. Defendant admits

10  that it provided FDA-approved prescribing information regarding Bextra®. Defendant denies

11  the remaining allegations in this paragraph of the Complaint, including all subparts.

12  92.    Defendant denies the allegations in this paragraph of the Complaint.

13  93.    Defendant states that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information. Defendant states that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.

18  Defendant denies the remaining allegations in this paragraph of the Complaint.

19  94.    Defendant states that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information. Defendant states that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.

24  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

25  of the Complaint.

26  95.    Defendant is without knowledge or information sufficient to form a belief as to the truth

27  of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same.

28  Defendant admit that it provided FDA-approved prescribing information regarding Bextra®.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendant denies the remaining allegations in this paragraph of the Complaint.

2    96.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

3    damage, and denies the remaining allegations in this paragraph of the Complaint.

4    97.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

5    damage, and denies the remaining allegations in this paragraph of the Complaint.

6    98.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

7    damage, and denies the remaining allegations in this paragraph of the Complaint.

8    **Response to Fourth Cause of Action: Breach of Implied Warranty**

9    99.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

10    Complaint as if fully set forth herein.

11    100.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted

12    Bextra® in the United States to be prescribed by healthcare providers who are by law

13    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits

14    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

15    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

16    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

17    with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph

18    of the Complaint.

19    101.    Defendant admits that it provided FDA-approved prescribing information regarding

20    Bextra®.  Defendant admits, as indicated in the package insert approved by the FDA, that

21    Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

22    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant states

23    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

24    prescribing information.  Defendant denies the remaining allegations in this paragraph of the

25    Complaint.

26    102.    Defendant is without knowledge or information sufficient to form a belief as to the truth

27    of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same.

28    Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

2  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant denies the remaining

3  allegations in this paragraph of the Complaint.

4  103.    Defendant is without knowledge or information sufficient to form a belief as to the truth

5  of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same.

6  Defendant states that Bextra® was and is safe and effective when used in accordance with its

7  FDA-approved prescribing information.  Defendant denies the remaining allegations in this

8  paragraph of the Complaint.

9  104.    Defendant is without knowledge or information sufficient to form a belief as to the truth

10  of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same.

11  Defendant states that Bextra® was expected to reach consumers without substantial change in

12  the condition from the time of sale.    Defendant denies the remaining allegations in this

13  paragraph of the Complaint.

14  105.    Defendant is without knowledge or information sufficient to form a belief as to the truth

15  of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same.

16  Defendant states that Bextra® was and is safe and effective when used in accordance with its

17  FDA-approved prescribing information.  Defendant denies any wrongful conduct and denies the

18  remaining allegations in this paragraph of the Complaint.

19  106.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

20  damage, and denies the remaining allegations in this paragraph of the Complaint.

21  107.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

22  damage, and denies the remaining allegations in this paragraph of the Complaint.

23  108.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

24  damage, and denies the remaining allegations in this paragraph of the Complaint.

25  **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

26  109.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

27  Complaint as if fully set forth herein.

28  110.    Defendant states that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

which no response is required.  To the extent a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

111.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

112.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

113.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

114.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

115.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

116.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

117.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

118.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

119.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

120.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

121.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

122.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

123.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

124.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

125.    Defendant admits that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

126.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same. Defendant denies the remaining allegations in this paragraph of the Complaint.

127.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same. Defendant denies the remaining allegations in this paragraph of the Complaint.

128.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies the remaining allegations in this paragraph of the Complaint.

129.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, denies the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage,

2   and denies the remaining allegations in this paragraph of the Complaint.

3   130.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

4   damage, and denies the remaining allegations in this paragraph of the Complaint.

5                              **Response to Prayer for Relief**

6           Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

7   Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage,

8   and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

9                                         **III.**

10                              **GENERAL DENIAL**

11          Defendant denies all allegations and/or legal conclusions set forth in Plaintiff's

12  Complaint that have not been previously admitted, denied, or explained.

13                                        **IV.**

14                            **AFFIRMATIVE DEFENSES**

15          Defendant reserves the right to rely upon any of the following or additional defenses to

16  claims asserted by Plaintiff to the extent that such defenses are supported by information

17  developed through discovery or evidence at trial.  Defendant affirmatively shows that:

18                              **First Defense**

19  1.      The Complaint fails to state a claim upon which relief can be granted.

20                              **Second Defense**

21  2.      Bextra® is a prescription medical product.  The federal government has preempted the

22  field of law applicable to the labeling and warning of prescription medical products.

23  Defendant's labeling and warning of Bextra® was at all times in compliance with applicable

24  federal law.  Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon

25  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

26  and violate the Supremacy Clause of the United States Constitution.

27                              **Third Defense**

28  3.      At all relevant times, Defendant provided proper warnings, information and instructions

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  for the drug in accordance with generally recognized and prevailing standards in existence at

2  the time.

### Fourth Defense

4.    At all relevant times, Defendant's warnings and instructions with respect to the use of

Bextra® conformed to the generally recognized, reasonably available, and reliable state of

knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

### Sixth Defense

6.    Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the

Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's

damages, if any, are barred or reduced by the doctrines of comparative fault and contributory

negligence and by the failure to mitigate damages.

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part

of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable

in any way.

### Ninth Defense

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

intervening causes for which Defendant cannot be liable.

### Tenth Defense

10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were

proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

of God.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">

**Eleventh Defense**

</div>

11.    Defendant affirmatively denies that it violated any duty owed to Plaintiff.

<div align="center">

**Twelfth Defense**

</div>

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

<div align="center">

**Thirteenth Defense**

</div>

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

<div align="center">

**Fourteenth Defense**

</div>

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

<div align="center">

**Fifteenth Defense**

</div>

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

<div align="center">

**Sixteenth Defense**

</div>

16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendant or persons acting on its behalf after the product left the control of Defendant.

<div align="center">

**Seventeenth Defense**

</div>

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of

-31-

ANSWER TO COMPLAINT – 3:08-cv-01457-CRB

Defendant.

### Eighteenth Defense

18.     Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Nineteenth Defense

19.     Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.     Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.     Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.     The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.     Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.     Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-fifth Defense

25.     Plaintiff's claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.     Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.     Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.     Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.     To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.     The imposition of punitive damages in this case would violate Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution, the Constitution of the State of Missouri, and the Constitution of the State of California, and would additionally violate Defendant's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

1

**Thirty-second Defense**

2   32.    The imposition of punitive damages in this case would violate the First Amendment to

3   the United States Constitution.

4

**Thirty-third Defense**

5   33.    Plaintiff's punitive damage claims are preempted by federal law.

6

**Thirty-fourth Defense**

7   34.    In the event that reliance was placed upon Defendant's nonconformance to an express

8   representation, this action is barred as there was no reliance upon representations, if any, of

9   Defendant.

10

**Thirty-fifth Defense**

11   35.    Plaintiff failed to provide Defendant with timely notice of any alleged nonconformance

12   to any express representation.

13

**Thirty-sixth Defense**

14   36.    To the extent that Plaintiff's claims are based on a theory providing for liability without

15   proof of causation, the claims violate Defendant's rights under the United States Constitution.

16

**Thirty-seventh Defense**

17   37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and

18   labeling with respect to the subject pharmaceutical products were not false or misleading and,

19   therefore, constitute protected commercial speech under the applicable provisions of the United

20   States Constitution.

21

**Thirty-eighth Defense**

22   38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

23   caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

24   law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

25   protections afforded by the United States Constitution, the excessive fines clause of the Eighth

26   Amendment of the United States Constitution, the Commerce Clause of the United States

27   Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

28   Constitutions of the States of Missouri and California.    Any law, statute, or other authority

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-first Defense**

41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

**Forty-second Defense**

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendant's conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendant's conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and

any agency thereof.

### Forty-eighth Defense

48.   The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-ninth Defense

49.   The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### Fiftieth Defense

50.   Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.   Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.   Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

### Fifty-second Defense

52.   Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.   The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.   Accordingly, Plaintiff's claims are preempted by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

2    United States.

3    **Fifty-fourth Defense**

4    54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

5    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

6    **Fifty-fifth Defense**

7    55.    Defendant states on information and belief that the Complaint and each purported cause

8    of action contained therein is barred by the statutes of limitations contained in California Code

9    of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

10    may apply.

11    **Fifty-sixth Defense**

12    56.    Defendant states on information and belief that any injuries, losses, or damages suffered

13    by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

14    conduct of persons or entities other than Defendant.    Therefore, Plaintiff's recovery against

15    Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

16    **Fifty-seventh Defense**

17    57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

18    Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil

19    Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

20    damages is also barred under California Civil Code § 3294(b).

21    **Fifty-eighth Defense**

22    58.    Plaintiff's claims are barred by the limitations and defenses set out in the Missouri

23    Product Liability Act, Mo. Rev. Stat. § 537. 760 *et seq.*, including but not limited to, the "state

24    of the art" defenses as defined in Mo. Rev. Stat. § 537.764.    Defendant incorporates by

25    reference all defenses and/or limitations set forth or referenced in the Missouri Product Liability

26    Act.

27    **Fifty-ninth Defense**

28    59.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

omissions on the part of Defendant. Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way. Mo. Rev. Stat. § 537.765.

### Sixtieth Defense

60.     The imposition of punitive damages in this case would violate Defendant's rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Missouri, and would additionally violate Defendant's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Sixty-first Defense

61.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Missouri law.

### Sixty-second Defense

62.     Defendant denies that it are liable for any damages in this case. Defendant contends, however, that any damage award to Plaintiff that utilizes the Missouri joint and several liability scheme would be unconstitutional, as this scheme is violative of Defendant's due process and equal protection guarantees under the United States and Missouri Constitutions. The Missouri joint and several liability scheme, under Mo. Rev. Stat. § 537.067, violates Defendant's due process guarantees because no legitimate state interest supports § 537.067, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Missouri joint and several liability scheme. Additionally, the Missouri system of assessing joint and several liability violates Defendant's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law. The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Missouri Constitutions. Thus, the scheme is unconstitutional and should not be applied in this action.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-third Defense**

63.     Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

**V.**

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing from Defendant by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendant be awarded their costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.     That any judgment for damages against Defendant in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.     That Defendant have such other and further relief as the Court deems appropriate.

1   April 11, 2008                                    GORDON & REES LLP

2

3                                                     By: :_____/s/_____

4                                                        Stuart M. Gordon
                                                         sgordon@gordonrees.com
5                                                        Embarcadero Center West
                                                         275 Battery Street, 20th Floor
6                                                        San Francisco, CA 94111
                                                         Telephone:  (415) 986-5900
7                                                        Fax:  (415) 986-8054

8
    April 11, 2008                                    TUCKER ELLIS & WEST LLP
9                                                     .

10

11                                                    By: :_____/s/_____

12                                                       Michael C. Zellers
                                                         michael.zellers@tuckerellis.com
13                                                       515 South Flower Street, Suite 4200
                                                         Los Angeles, CA  90071-2223
14                                                       Telephone:  (213) 430-3400
                                                         Fax:  (213) 430-3409
15
                                                         Attorneys for Defendant
16                                                       PFIZER INC.

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

April 11, 2007                          GORDON & REES LLP


By : _____/s/_____

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA  94111
Telephone:  (415) 986-5900
Fax:  (415) 986-8054

April 11, 2007                          TUCKER ELLIS & WEST LLP


By : _____/s/_____

Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Fax:  (213) 430-3409

Attorneys for Defendant
PFIZER INC.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111